ECHO LAKE FOODS, LLC,
A Delaware Limited Liability Company,
316 W. Grove Street
Burlington, WI 53105,

        Plaintiff,

v.                                  CASE NO.:  2:26-cv-638

LOGISTIC DYNAMICS, LLC,
A Delaware Limited Liability Company,
1140 Wehrle Drive
Buffalo, NY 14221

and

ISAIAH TRANSPORTATION INC.,
A California Corporation,
12523 Limonite Avenue, Suite 440
Eastvale, CA 91752

        Defendants.

## COMPLAINT

Plaintiff Echo Lake Foods, LLC, for its complaint against Logistic Dynamics, LLC, and Isaiah Transportation Inc., alleges as follows:

### Parties

1. Echo Lake Foods, LLC, is a Delaware limited liability company, with its principal place of business located at 316 W. Grove Street, Burlington, Wisconsin 53703. Echo Lake Foods, LLC, is the successor in interest to Echo Lake Foods, Inc (collectively, "Echo").

2. Logistic Dynamics, LLC ("Logistic"), is Delaware limited liability company, with its principal place of business located at 1140 Wehrle Drive, Buffalo, New York, 14221.

3. Isaiah Transportation Inc. ("Isaiah", and together with Logistic, "Defendants") is a California corporation, with its principal place of business located at 12523 Limonite Avenue #440-263, Mira Loma, California 91752.

## Jurisdiction and Venue

4. This Court has federal question jurisdiction over Count I pursuant to 28 U.S.C. § 1331, as that claim arises under the Carmack Amendment, 49 U.S.C. § 14706 et seq. This Court has supplemental jurisdiction over all other claims under 28 U.S.C. § 1367 because the other claims are so related to the claim sought in Count I so as to form part of the same case or controversy.

5. This Court has personal jurisdiction over Defendants pursuant to Wis. Stat. §§ 801.05(5)(a), (b), (c), and 10(a), as this action arises out of Defendants' promises to perform services within Wisconsin, performance of services within Wisconsin, and promises to ship goods from Wisconsin, and from a promise made to Echo by Defendants to insure against the losses here, and Echo was a Wisconsin resident at the time the events out of which the causes of action here claimed to arise occurred.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and (3), as a substantial part of the events or omissions giving rise to these claims occurred in this district, and Defendants are subject to personal jurisdiction within this district.

## Facts

7. On or around December 12, 2024, Echo contracted with Logistic to serve as a transportation broker under Freight Order: FPO167000 (the "Freight Order"), pursuant to which Logistic arranged transportation of frozen food products (the "Load") to Lineage Logistics #10 ("Lineage"), 2100 East 55th St. Vernon, California 90058, with delivery scheduled for December 20, 2024.

2

8. Logistic accepted the Freight Order and agreed to all the terms and conditions included therein by signing the Freight Order on December 12, 2024.

9. Among other things, Logistic in the Freight Order agreed to name Echo as an additional insured on its general liability insurance policy on a primary and non-contributory basis, with a waiver of subrogation. Logistic further agreed to bind any agent Logistic used or retained to the same terms. On information and belief, Logistic did not perform any of these required contractual terms.

10. The Freight Order contained the correct delivery address for Lineage.

11. However, after accepting the Freight Order, Logistic generated a Rate Confirmation Sheet #1637999 and a Driver/Carrier Information Sheet #1637999 that both erroneously indicated the Load should be delivered to Camino Real Foods, Inc., 2638 East Vernon Avenue, Vernon, California 90058.

12. Logistic arranged for Isaiah to transport the Load, and provided to Isaiah the incorrect Rate Confirmation and Driver/Carrier Information Sheets generated by Logistic.

13. Echo also generated a Straight Bill of Lading: BOL-409845-1 ("Bill of Lading"), which Echo provided to Isaiah at the time Isaiah took possession of the Load.

14. The Bill of Lading issued by Echo also included the correct delivery address for Lineage.

15. Isaiah signed the Bill of Lading on December 17, 2024.

16. However, rather than delivering to the correct address as listed on the Bill of Lading generated by Echo, Isaiah delivered the Load to the incorrect address listed on the Rate Confirmation and Driver/Carrier Information Sheets generated by Logistic.

17. Because of the mis-delivery, the Load was never delivered to the correct customer.

3

18. As a result of the mis-delivery, Echo has been damaged in the amount of $120,016.00, plus interest and costs.

19. On January 7, 2025, Echo presented a claim against Logistic and Isaiah in the amount of $120,016.00.

20. On or around June 26, 2025, Isaiah denied Echo's claim against Isaiah.

21. On or around December 16, 2025, Logistic denied Echo's claim against Logistic.

## COUNT I: CARMACK AMENDMENT CLAIM
## 49 U.S.C. § 14706
## (AGAINST ISAIAH TRANSPORTATION INC.)

22. Echo incorporates all previous paragraphs of this Complaint as if fully stated herein.

23. Isaiah is a carrier for purposes of the Carmack Amendment, 49 U.S.C. § 14706 et seq.

24. Isaiah was the receiving carrier for the Load.

25. Isaiah delivered the Load over its line or route.

26. Isaiah was also the delivering carrier for the Load.

27. Echo delivered the Load in good condition to Isaiah.

28. The Load was damaged or lost in transit.

29. As a result, Echo has suffered damages in the amount of $120,106.00, plus interest and costs.

30. Despite due demand and proper claim, this amount remains due and owing.

31. Echo has performed any and all conditions precedent to recovery.

## COUNT II: BREACH OF CONTRACT
## (AGAINST LOGISTIC DYNAMICS LLC)

32. Echo incorporates all previous paragraphs of this Complaint as if fully stated herein.

4

33. Echo entered into the Freight Order with Logistic.

34. By virtue of the conduct described above, including but not limited to Logistic providing incorrect delivery information to Isaiah and failing to name Echo as an additional insured on its commercial general liability policy, Logistic breached the Freight Order.

35. As a result of Logistic's breach of the Freight Order, Echo has suffered damages in the amount of $120,106.00, plus interest and costs.

36. Despite due demand and proper claim, this amount remains due and owing.

37. Echo has performed any and all conditions precedent to recovery.

## COUNT III: NEGLIGENCE
## (AGAINST LOGISTIC DYNAMICS LLC)

38. Echo incorporates all previous paragraphs of this Complaint as if fully stated herein.

39. Logistic owed a duty of care to Echo.

40. By virtue of the conduct described above, including but not limited to by providing the wrong delivery address to Isaiah, Logistic breached that duty.

41. As a result of Logistic's breach of duty, Echo has been damaged, in an amount to be determined at trial.

WHEREFORE, Echo demands judgment in its favor and against Defendants as follows:

a) The unpaid principal balance of $120,016.00;

b) Prejudgment and post-judgment interest on the principal balance;

c) Its costs, disbursements and expenses incurred in connection with pursuing this action;

d) Its reasonable attorneys' fees; and

e) For such other relief as the Court deems just and proper.

Dated: April 14, 2026

/s Ryan M. Billings
Ryan M. Billings
WI State Bar No. 1084543
KOHNER, MANN & KAILAS, S.C.
4650 N. Port Washington Road
Milwaukee, WI 53212
Phone:          (414) 962-5110
Email:          rbillings@kmksc.com

*Attorneys for Plaintiff Echo Lake Foods, LLC*